# United States Court of Appeals

## For the First Circuit

---

No. 09-1899

In re KIRK HUNDLEY

Debtor

---

JANICE HUNDLEY,

Plaintiff, Appellee,

v.

JANICE G. MARSH, Trustee,

Defendant, Appellant.

---

APPEAL FROM FINAL ORDER OF THE
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

Before

Boudin, Stahl, and Lipez, <u>Circuit Judges</u>.

---

    <u>Kathleen R. Cruickshank</u>, with whom <u>D. Ethan Jeffery</u> and <u>Hanify & King</u> were on brief, for appellant.
    <u>Todd B. Gordon</u>, with whom <u>Stephen F. Gordon</u> and <u>The Gordon Law Firm</u> were on brief, for appellee.

---

April 29, 2010

---

**Per Curiam**.  The question raised by this adversary proceeding in the bankruptcy court is whether a non-debtor spouse is entitled to a portion of a prepetition tax refund, where the parties filed a joint return and the non-debtor spouse earned no income for the tax year for which the return was filed.  Because a debtor's interest in property is defined by state law, <u>Butner</u> v. <u>United States</u>, 440 U.S. 48, 54-55 (1979), we look to the law of Massachusetts in order to determine the respective interests of spouses in their jointly-filed tax refund.  The courts of the Commonwealth have not addressed this question.  While several state statutes touch on the issue indirectly by describing joint property interests and the property rights of married individuals, none of these statutes tells us how Massachusetts would treat the income tax refund in this case.  In the absence of any controlling statutes or precedents from the Massachusetts Supreme Judicial Court ("SJC"), we conclude that we should certify the question to the Court, pursuant to its Rule 1:03.  <u>See</u> <u>In re Engage, Inc.</u>, 544 F.3d 50, 51 (1st Cir. 2008).

I.

The facts underlying this appeal are not in dispute. Janice Hundley, the appellee, and her husband, Kirk Hundley filed a joint income tax return in 2002.  The income reported on the tax return was earned by Kirk Hundley.  According to the appellant (Hundley's bankruptcy trustee), Kirk Hundley's income was the sole

-2-

source of the payments noted in the 2002 tax return. The couple listed exemptions for themselves and each of their three children. In May 2006, they amended their 2002 tax return in order to carry-back losses from 2004. The losses were connected to various business endeavors of Kirk Hundley's. The amended return showed that the Internal Revenue Service owed the Hundleys a refund of approximately $94,910 ("the refund").

Kirk Hundley filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in April 2006.[1] In his bankruptcy filing, he disclosed his one half interest in the joint tax refund, which he valued at $41,500. Appellant, Janice Marsh ("the trustee"), was named the trustee for Mr. Hundley's bankruptcy estate. In June 2006, the trustee applied to receive the entire federal income tax refund associated with the Hundleys' amended 2002 tax return. In January 2007, the Internal Revenue Service sent the trustee a check in the amount of $93,362 (the Refund) made out to Kirk Hundley c/o Janice G. Marsh.

In January 2009, Janice Hundley filed a complaint in the United States Bankruptcy Court for the Western District of Massachusetts seeking a determination that she was entitled to a fifty percent interest in the refund. She requested that she be

---

[1] In <u>Segal</u> v. <u>Rochelle</u>, the Supreme Court held that a federal tax refund received by a debtor postpetition is sufficiently rooted in the prebankruptcy past to be regarded as property of the estate. 382 U.S. 375, 380 (1966).

granted her half of the refund as well as any interest the trustee had collected on that half of the refund. Janice Hundley subsequently moved for summary judgment on her claim. After a hearing, the bankruptcy court granted her motion. In its order, the court wrote that its previous decision in In re Trickett, 391 B.R. 657 (Bankr. D. Mass. 2008), was controlling and required that the refund be apportioned 50/50 between the spouses.

Following the bankruptcy court's May order granting summary judgment in favor of Janice Hundley, the trustee filed a Notice of Appeal to the Bankruptcy Appellate Panel pursuant to 28 U.S.C. § 158. In response, Janice Hundley filed a Request for Certification for Direct Appeal to this court pursuant to 28 U.S.C. § 158(d)(2) and Bankruptcy Rule 8001(f), which the trustee opposed. The bankruptcy court entered a Certification of Direct Appeal on June 4, 2009. On July 2, 2009, we granted Janice Hundley's petition for authorization to take this direct appeal.

II.

At its discretion, a federal court of appeals may certify questions of state law to the state's highest court. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). When Massachusetts law is at issue, the SJC has provided that we may certify questions to it in cases where we "find[] no controlling precedent and where the questions may be determinative of the pending cause of action." In re Engage, Inc., 544 F.3d at 52; Mass. S.J.C. R. 1:03 (providing

-4-

for certification "if there are involved in any proceeding before [the federal court] questions of law of this State which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court"). On occasion, we will certify such questions to a state's highest court on our own motion when neither party has requested certification. Maine Drilling, 34 F.3d at 3. Although the parties have not asked for certification, we find that this is a case that satisfies the conditions of the SJC's certification rule and justifies the exercise of our discretion in favor of certification. The outcome of this adversary proceeding in the bankruptcy court will be wholly determined by the resolution of the dispute over who owns the tax refund under Massachusetts law. The refund issue, while not commonplace, is likely to recur in the bankruptcy context and its resolution may require policy judgments about the applicability of Massachusetts law that the SJC is in the best position to make. See In re Engage, 544 F.3d at 53 ("[C]ertification is particularly appropriate here since the answers to these questions may hinge on policy judgments best left to the Massachusetts court and will certainly have implications beyond these parties.").

The analysis in this dispute over ownership of a tax refund begins with Section 541(a)(1) of the Bankruptcy Code, which broadly defines property of the bankruptcy estate as "all legal and

equitable interests of the debtor in property as of the commencement" of the bankruptcy proceedings. 11 U.S.C. § 541(a)(1). Neither party disputes that at least part of the tax refund was property of the debtor, Mr. Hundley, at the commencement of the bankruptcy proceeding. Rather, the parties contest how much of the expected refund was his property given that the tax return was filed by the Hundleys jointly.

The Supreme Court has made clear that in bankruptcy proceedings "[p]roperty interests are created and defined by state law." Butner, 440 U.S. at 55. In turning to state law, however, we find no specific articulation of the property interests arising from a joint tax refund. While there are several bodies of Massachusetts law that might influence the state court's determination of the property interest of a spouse in a joint tax refund, none offers us "compelling guidance." In re Engage, 544 F.3d at 56 (quotation marks omitted). We will not attempt, as is often our practice in certification opinions, to outline what we believe to be the relevant law because to do so in this case would entail making significant judgments about the relevance of particular statutory provisions and precedents. We believe the better course is to leave it to the parties and to the Supreme Judicial Court to argue for and to judge what law is applicable here.

We therefore certify to the Massachusetts SJC the following questions:

1. Under Massachusetts law, does the tax refund constitute the property of Kirk Hundley alone or is it property in which Janice Hundley has a property interest?

2. If Janice Hundley has a property interest in the tax refund, what principles and potential facts are relevant to determining the extent of her interest?

We would welcome the advice of the SJC on any other relevant aspect of Massachusetts law which it believes would aid in the proper resolution of the issue.

The clerk of this court is directed to forward to the Massachusetts SJC, under the official seal of this court, a copy of the certified questions and our decision in this case, along with a copy of the briefs and appendix filed by the parties, which set forth all facts relevant to the issues certified. We retain jurisdiction pending that court's determination.

So Ordered.